SOUTHWEST CENTER FOR BIOLOGI-
CAL DIVERSITY, a non–profit organi-
zation; Kieran Suckling; an individual,
Plaintiffs–Appellants,

City of Phoenix; City of Chandler; City
of Scottsdale; City of Mesa; City of
Tempe, Intervenors–Appellees,

v.

Bruce BABBITT, Secretary of the Interi-
or; U.S. Bureau of Reclamation; U.S.
Fish and Wildlife, Defendants–Appel-
lees,

Salt River Pima–Maricopa Indian
Community, Appellee,

Salt River Project and Power District,
collectively "Salt River Project,"
Defendant–intervenor–Appellee.

No. 98–15038.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 9, 1998.

Decided Aug. 6, 1998.

Geoff Hickcox, Kenna & Hickcox, Durango, Colorado, for plaintiffs–appellants.

M. Alice Thurston, United States Department of Justice, Washington, DC, for defendants–appellees.

William W. Quinn, Shea & Wilks, Phoenix, Arizona, for intervenors–appellees.

M. James Callahan, Phoenix City Attorney's office, Phoenix, Arizona, for intervenors–appellees.

Cynthia J. Haglin, Chandler City Attorney's office, Chandler, Arizona, for intervenors–appellees.

Stephen J. Burg, Mesa City Attorney's office, Mesa, Arizona, for intervenors–appellees.

Lisa M. McKnight and John B. Weldon, Salmon, Lewis & Weldon, Phoenix, Arizona, for intervenors–appellees.

Before: BROWNING, GOODWIN, and SCHROEDER, Circuit Judges.

PER CURIAM:

Southwest Center for Biological Diversity ("Southwest") appeals the dismissal of its suit against the Secretary of the Interior alleging the government's plan to begin using the newly completed Additional Active Conservation Capacity ("AACC") behind the Roosevelt Dam violates the Endangered Species Act ("ESA") and the National Environmental Policy Act ("NEPA"). Southwest claims the government has not adequately taken into account the fate of the Southwestern Willow Flycatcher, an endangered species of songbird with a major nesting ground near the dam, and seeks to prevent the new capacity from being filled until further environmental study is completed. The district court dismissed Southwest's action for failure to join the Salt River Pima–Maricopa Indian Community ("Community"), which the district court concluded was a necessary and indispensable party under Federal Rule of Civil Procedure 19. The Community is a non-party with rights under a 1988 settlement agreement to store water in the AACC.

■ Reviewing for abuse of discretion, *see Kescoli v. Babbitt,* 101 F.3d 1304, 1309 (9th Cir.1996), we conclude that the Community is not a necessary party and therefore reverse. The district court correctly concluded that the Community has an interest in the subject matter of Southwest's suit because the Community has an interest in the AACC becoming available for use as soon as possible. We also agree with the district court that an injunction would impair the Community's interest. We conclude, however, that as a practical matter, the Community's ability to protect its interest will not be impaired by its absence from the suit because its interest will be represented adequately by the existing parties to Southwest's suit. *See* Fed. R.Civ.P. 19; *Makah Indian Tribe v. Verity,* 910 F.2d 555, 558 (9th Cir.1990); *Shermoen v. United States,* 982 F.2d 1312, 1317–18 (9th Cir.1992).

■ A non-party is adequately represented by existing parties if: (1) the interests of

the existing parties are such that they would undoubtedly make all of the non-party's arguments; (2) the existing parties are capable of and willing to make such arguments; and (3) the non-party would offer no necessary element to the proceeding that existing parties would neglect. *See Shermoen*, 982 F.2d at 1318.

■ The United States can adequately represent an Indian tribe unless there exists a conflict of interest between the United States and the tribe. *See Shermoen*, 982 F.2d at 1318; *Makah*, 910 F.2d at 558. The federal government and Community share a strong interest in defeating Southwest's suit on the merits and ensuring that the AACC is available for use as soon as possible. The district court did not question the ability or willingness of the United States to represent the Community adequately in the adjudication of the underlying merits of the suit, but concluded the government would not represent the Community adequately because the government did not support the Community's motion to dismiss the suit under Rule 19. The district court's approach is circular: a non-party is "necessary" even though its interests are adequately represented on the underlying merits by an existing party, simply because that existing party has correctly concluded that it is an adequate representative of the non-party, and therefore opposes the non-party's preliminary motion to dismiss. The district court's approach would preclude the United States from opposing frivolous motions to dismiss out of fear that its opposition would render it an inadequate representative. The district court's approach would also create a serious risk that non-parties clothed with sovereign immunity, such as the Community, whose interests in the underlying merits are adequately represented could defeat meritorious suits simply because the existing parties representing their interest opposed their motion to dismiss. Since it is clear that the government would adequately represent the Community's interest in the adjudication of the underlying merits of Southwest's suit, the government's decision not to support the Community's motion to dismiss does not support a finding that the Community is a necessary party.

The district court also suggested, without elaboration or explanation, the possibility of conflict arising from the federal government's potentially inconsistent responsibilities under its trust obligations and the applicable environmental laws. Neither the district court nor any of the parties has explained how such a conflict might actually arise in the context of Southwest's suit. They identify no argument the United States would not or could not make on the Community's behalf, and suggest no "necessary element" the Community alone could present. To the contrary, because the federal government shares the Community's strong interest in defeating Southwest's ESA and NEPA claims and ensuring that the AACC becomes available for use as soon as possible, the government will be an effective representative of the Community's interests in the adjudication of Southwest's ESA and NEPA claims.

The presence of the cities of Phoenix, Chandler, Scottsdale, Mesa, and Tempe as parties to Southwest's suit further ensures that the Community will be represented adequately. The cities have made substantial financial contributions to the construction of the AACC, and are dependent on the additional storage space it will provide to meet the future water needs of their residents. Thus, the cities share the Community's strong interest in defeating Southwest's suit and ensuring the AACC is available for use as soon as possible. Although they assert they do not adequately represent the Community, they offer nothing to show that their interests in the AACC or the arguments they would make differ at all from those of the Community. The cities' storage rights derive from a source other than the 1988 settlement agreement, and the cities disagree with the Community's interpretation of that agreement, but those differences have no bearing on the cities' ability to represent the Community on the merits of the litigation. Neither the settlement agreement nor the source of the parties' storage rights is at issue in Southwest's suit. The cities, like the United States, may not share the Community's interest in protecting its sovereignty, but they have not explained how the Community's sovereignty would be implicated in the

adjudication of the merits of Southwest's suit.

A non-party is also considered "necessary" for Rule 19 purposes if it has an interest in the subject matter of the litigation, and its absence from the suit would therefore expose the existing parties to a substantial risk of multiple or otherwise inconsistent obligations. *See* Fed.R.Civ.P. 19(a)(2)(ii). The district court concluded the Community was necessary under this provision because if the injunction sought by Southwest were granted, litigation to determine the Community's rights under the contested 1988 settlement agreement would probably follow.

■ The district court's conclusion was mistaken for two reasons. First, this provision of Rule 19 is implicated only when a non-party's *absence* produces a substantial risk of inconsistent obligations. The "inconsistent obligations" the district court concluded could result if Southwest's suit were allowed to proceed arise not from the Community's absence from the suit, but rather from the ambiguity in the 1988 settlement agreement. Litigation to resolve the ambiguity in the settlement agreement following the issuance of an injunction would be just as likely if the Community were a party to Southwest's suit.

Second, it appears that the ambiguity in the settlement agreement could result in litigation even if Southwest's suit were dismissed. The Community claims that under the agreement, it is entitled to have the dam operator, Salt River Project ("SRP") provide temporary storage space until the AACC has filled with water. This position is in direct conflict with SRP's position that its obligation to provide the Community with temporary storage space ended when the physical heightening of the dam was completed. Even if Southwest's suit were dismissed, eliminating the threat of an injunction, the conflict between the Community's and SRP's interpretations of the settlement agreement would likely have to be resolved if the region does not soon receive enough rainfall to fill the AACC. The district court therefore erred by concluding that the ambiguity in the settlement agreement would remain dormant,

not requiring resolution, if it dismissed Southwest's suit.

Because we find that the Community is not needed for just adjudication of Southwest's suit, the district court's dismissal of this suit is REVERSED and the case is REMANDED for further proceedings.